UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DWS INTERNATIONAL, INC. d/b/a
MARBLE DIMENSIONS WORLDWIDE,
INC.,

   Plaintiff,

-v-

GEORGE WILLIAM JOB, Trustee of George
William and Katherine Job Living Trust,
et al.,

   Defendants.

Case No. 3:12-cv-339

Judge Thomas M. Rose

---

**ENTRY AND ORDER DENYING THE JOB FAMILY TRUST'S MOTION
FOR JUDGMENT ON THE PLEADINGS (Doc. # 15)**

---

  Now before the Court is a Motion for Judgment On the Pleadings ("MJOP") pursuant to Fed. R. Civ. P. 12(c) filed by Defendants George William Job and Katherine Job, Trustees of the George William and Katherine Job Living Trust. (Doc. #15.) These Defendants are hereinafter referred to as the "Job Family Trust."

  The Job Family Trust argues that the claims filed by Plaintiff DWS International, Inc. d/b/a Marble Dimensions Worldwide, Inc. ("MDW") fail as a matter of law because MDW fails to allege facts demonstrating that any assets of Meixia Arts and Handicrafts ("Meixia") were actually transferred to the Job Family Trust. This Motion is now fully briefed and ripe for decision.

  MDW has brought two claims against the Job Family Trust. Count I is for fraudulent transfer pursuant to Ohio Rev. Code § 1336.04, and Count II is for fraudulent transfer pursuant to Ohio Rev. Code § 1336.05.

**RELEVANT FACTS**

The following facts are taken either from this Court's records or are taken as true from MDW's Complaint in this lawsuit. MDW is in the business of designing and distributing tabletops used in outdoor patio furniture sets. (Compl. ¶ 4.) Meixia is a manufacturing company located in China that manufactures giftware, handcrafted doors and windows, tables using stained glass and grout, furniture glass, self-lubricating composite bearings and are reproductions made of fired glass. (Id. at ¶ 5.) George William ("Bill") Job is the founder and President of Meixia. (Id. at 5.) The Job Family Trust is a living trust created by Bill and Katherine Job, and is the majority owner in Meixia. (Id. at ¶ 6.)

This lawsuit arises from another case litigated in this Court between MDW, Meixia and Home Casual, LLC ("Home Casual"). Meixia and Home Casual are not parties in this lawsuit.

The other case, no. 3:09-cv-458, involved tabletops manufactured by Meixia using a technology know by the acronym GFRC. Meixia participated in the other case until it went to trial, but failed to show up at trial.

Following a verdict for MDW, this Court entered a default judgment against Meixia and granted judgment for MDW against Meixia in the amount of $1,500,000. Meixia did not appeal this judgment.

To date, Meixia has not paid MDW any amount. (Id. at ¶ 16.) Also, Meixia has taken steps to evade payment of its obligations to MDW. (Id. at ¶ 18.)

In early 2012, Meixia sold the GFRC technology for $1.6 million. (Id. at 20.) Following the sale of the GFRC technology, Meixia still did not satisfy the judgment that MDW had against it. (Id. at 22.) Instead, Meixia transferred the proceeds from the sale to the Job Family

Trust. (Id. at 22.) Because of this transfer, MDW filed the instant lawsuit against the Job Family Trust alleging that the Job Family Trust was the recipient of fraudulent transfers from Meixia.

The Job Family Trust answered MDW's Complaint on November 20, 2012. (Doc. #11.) After a Preliminary Pretrial Conference (doc. #14) and before the deadline for filing motions directed to the pleadings, the Job Family Trust filed the MJOP that is now before the Court.

## RELEVANT LEGAL PROVISIONS

### Federal Rule of Civil Procedure 12(c)

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)(citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). When considering a 12(c) motion, all well-pleaded material allegations of the pleadings of the opposing party are taken as true. *Id.* Also, the well-pleaded material allegations are construed in a light most favorable to the opposing party. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). However, legal conclusions are not accepted as true nor are recitations of the elements of a cause of action. *Fritz*, 592 F.3d at 722. The Rule 12(c) motion is granted only if the moving party is nevertheless clearly entitled to judgment as a matter of law. *Id.*

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."(quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). A motion for judgment on the pleadings is granted when there is no material issue of fact and the party making the motion may

be entitled to judgment as a matter of law. *Id.*

The pleading requirements necessary to survive a motion for judgment on the pleadings require more than labels and conclusions and a formulaic recitation of the elements of a cause of action. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.*

However, Fed. R. Civ. P. 8(a)(2) requires only a "short and plain" statement of the claim showing that the pleader is entitled to relief. *Id.* (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)). "Specific facts are not necessary; the statement need only "give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Id.*

### Ohio's Uniform Fraudulent Transfer Act ("UFTA")

Ohio's UFTA creates a right of action for a creditor to set aside a fraudulent transfer of assets. *Esteco, Inc. v. Kimpel*, No. 07 CO 3, 2007 WL 4696855 at *2 (Ohio Ct. Appl Dec. 20, 2007). If a transfer is fraudulent, the creditor may sue the original transferee and any subsequent transferee for the value of the transferred property. *Id.* MDW's Complaint is brought pursuant to two provisions of the UFTA: Ohio Rev. Code § 1336.04 and § 1336.05.

### Section 1336.04

MDW can prove that the transfer was fraudulent pursuant to § 1336.04 by proving that (1) Meixia actually intended to hinder, delay, or defraud MDW or (2) by proving that the Job Family Trust was a transferee that did not pay a reasonably equivalent value for the transfer of the $1.6 million and either (a) Meixia was engaged or was about to engage in a business or a transaction for which the Meixia's remaining assets were unreasonably small in relation to the business or

transaction or (b) Meixia intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due. Ohio Rev. Code § 1336.04(A).

Actual intent to hinder or delay may be proved by circumstantial evidence. *Esteco*, 2007 WL 4696855 at *5. The UFTA lists some of the factors, called "badges of fraud," that may be considered when determining whether a creditor had the requisite intent. Ohio Rev. Code § 1336.04(B). Those "badges of fraud" listed are:

(1) Whether the transfer or obligation was to an insider;

(2) Whether the debtor retained possession or control of the property transferred after the transfer;

(3) Whether the transfer or obligation was disclosed or concealed;

(4) Whether before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with suit;

(5) Whether the transfer was of substantially all of the assets of the debtor;

(6) Whether the debtor absconded;

(7) Whether the debtor removed or concealed assets;

(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred;

(11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

Id. If MDW is able to demonstrate a sufficient number of these "badges of fraud," the burden of proof shifts to the Job Family Trust to prove that the transfer was not fraudulent. *Esteco*, 2007

WL 4696855 at *5.

The insolvency of a debtor is defined in the UFTA. Pursuant to the UFTA, a debtor is insolvent if the sum of the debts of the debtor is greater than all of the assets of the debtor. Ohio Rev. Code § 1336.02(A)(1). Also, a debtor is presumed insolvent if the debtor is generally not paying its debts as they become due. Ohio Rev. Code § 1336.02(A)(2).

### Section 1336.05

MDW can prove the transfer was fraudulent pursuant to § 1336.05 by proving that the transfer was made after a creditor's claim had arisen and that Meixia did not receive a reasonably equivalent value in exchange for the transfer and that Meixia was insolvent at the time or became insolvent as a result of the transfer. Ohio Rev. Code § 1336.05(A).

### ANALYSIS

MDW's Complaint will be compared to each relevant section of the UFTA to determine if MDW's Complaint raises MDW's right to relief beyond a speculative level. MDW first argues that its Complaint satisfies the pleading standards because the Job Family Trust filed an Answer. The Job Family Trust responds that filing an answer has no bearing on whether MDW has satisfied the pleading requirements.

A motion for judgment on the pleadings is filed only after an answer has been filed and can be filed at any point that is not prejudicial to trial. *Lindsay v. Yates*, 498 F.3d 434, 437 (6th Cir. 2007, *rev'd on other grounds by Lindsay v. Yates*, 578 F.3d 407 (6th Cir. 2009). This Court's Preliminary Pretrial Order permitted motions directed to the pleadings to be filed at any time prior to March 22, 2013. (Doc. #14.) The Job Family Trust's MJOP was filed on February 19, 2013. Thus the filing of an Answer by the Job Family Trust does not procedurally mean that a

complaint meets pleading standards. Further, the Job Family Trust's Answer preserves the defense of failure-to-state-a-claim.

However, courts have found that the filing of an answer is evidence that a complaint is pleaded with adequate particularity. *GMAC Real Estate LLC. v. Prindle Real Estate, Inc.*, No 2:07-CV-1017, 2007 WL 4570578 at *1 (S.D. Ohio Dec. 24, 2007); *In re Motorwerks, Inc.*, 371 B.R. 281, 293 (Bankr. S.D. Ohio 2007). In GMAC, the court was addressing the requirement to plead a fraud claim with particularity and in Motorwerks the bankruptcy court was addressing whether a transfer was adequately identified.

Both of these cases were decided shortly after *Bell Atlantic Corp. v. Twombly*, 550 US. 544 (2007) and before subsequent caselaw regarding *Twombly* had been developed. Thus, while the filing of an Answer by the Job Family Trust may be evidence that MDW's Complaint was adequately pled, the filing of an Answer by the Job Family Trust is not procedurally determinative.

## Section 1336.04

One way that MDW may adequately plead a fraudulent transfer claim under this Section is to allege that Meixia actually intended to hinder, delay, or defraud MDW. The requisite intent may be inferred if MDW has adequately pled a sufficient number of the "badges of fraud."

### "Badges of Fraud"

Only the "badges of fraud" pled in MDW's Complaint will next be addressed.  First, MDW has pled that the transfer was to an insider. MDW has pled that Meixia has transferred $1.6 million to the Job Family Trust. (Compl. ¶ 25.) MDW has pled that Bill Job is the President of Meixia and one of the two individuals who created the Job Family Trust. (Id. at ¶¶ 5,6.) Further,

MDW has pled that the Job Family Trust is the majority owner of Meixia. (Id. at ¶ 6.)

MDW has also pled that Meixia had been sued before the transfer was made. MDW has pled that it successfully sued Meixia. (Id. at ¶ 14.) MDW has also pled that Meixia was sued before the $1.6 million was transferred to the Job Family Trust. (Id. at ¶¶ 9, 22.)

MDW has also pled that Meixia removed assets. MDW has pled that Meixia transferred the proceeds of the $1.6 million sale of the GFRC technology to the Job Family Trust. (Id. at ¶¶ 20, 22.)

MDW has also pled that the value received by Meixia was not reasonably equivalent to the value of the $1.6 million transferred to the Job Family Trust. MDW has pled that neither the Job Family Trust nor its trustees have provided any value in exchange for the $1.6 million transferred to the Job Family Trust. (Id. at 26.)

MDW has also pled that Meixia was insolvent when the $1.6 million transfer was made. The UFTA presumes a debtor is insolvent if the debtor is generally not paying its debts as they become due. MDW has pled that Meixia owed it $1.5 million and that Meixia has not paid the $1.5 million. (Id. at ¶¶ 14, 16, 17.)

In sum, MDW has appropriately pled alleged facts satisfying at least five (5) of the badges of fraud. Thus, the Court may infer that Meixia intended to hinder or delay the MDW's collection of the $1.5 million. From this, the Court concludes that MDW has adequately pled a violation of § 1336.04.

## Section 1336.05

MDW can prove that the transfer was fraudulent pursuant to § 1336.05 by proving that: (1) the transfer was made after a creditor's claim had arisen and; (2) Meixia did not receive a

reasonably equivalent value in exchange for the transfer and; (3) Meixia was insolvent at the time or became insolvent as a result of the transfer.

### The Transfer Was Made After a Creditor's Claim Had Arisen

MDW has pled and the Court records indicate that it has a judgment against Meixia in the amount of $1.5 million in compensatory damages. MDW has also pled that, as of November 11, 2012, Meixia has not paid the $1.5 million. (Compl. ¶ 16.) MDW has also pled that, after it received the judgment against Meixia, Meixia sold the GFRC technology for $1.6 million and transferred these proceeds to the Job Family Trust. (Id. at 20, 22.) Thus, MDW has adequately pled that a transfer of $1.6 million was made by Meixia after MDW's claim had arisen.

### Did Not Receive a Reasonably Equivalent Value

MDW has pled that neither the Job Family Trust nor its trustees have provided any value in exchange for the assets transferred and Meixia has not received any value in exchange for the assets transferred. (Id. at 26.) While this may be a mere recitation of one of the elements, it is also a factual assertion that will later have to be proved by MDW. Thus, MDW has adequately pled that Meixia did not receive a reasonably equivalent value for the transfer of the $1.6 million from Meixia to the Job Family Trust.

### Insolvency At the Time

As more fully explained above, MDW has adequately pled that Meixia was insolvent when the $1.6 million transfer was made. Thus, MDW has adequately pled facts supporting this element.

### Conclusion

MDW has alleged sufficient facts to show that the transfer of $1.6 million by Meixia was

made after MDW's claim against Meixia arose, that this transfer was made after MDW's claim had arisen and that Meixia did not receive a reasonably equivalent value in exchange for this transfer. From this, the Court concludes that MDW has adequately pled a violation of § 1336.05.

### The Job Family Trust's Arguments

The Job Family Trust argues that MDW has failed to adequately plead that any fraudulent transfers to the Job Family Trust took place. The Job Family Trust argues, without any legal support, that MDW had to plead when the transfers were made, what was transferred, the form of the transfers, the financial institutions involved in the transfers, the number of transfers, the amount of each transfer and the consideration given for the transfers.

MDW has pled that Meixia transferred $1.6 million to the Job Family Trust after Meixia sold the GFRC technology in early 2012. MDW has also pled that Meixia received no consideration for the transfer of the $1.6 million. Thus, MDW has pled approximately when the transfer was made, what was transferred, the form of the transfer, the number of transfers, the amount of the transfer and whether consideration was given for the transfer. This is enough to satisfy the pleading standards.

The Job Family Trust relies upon two cases: *In re: Caremerica*, 409 B.R. 737 (Bankr. E.D.N.C. 2009) from the Eastern District of North Carolina Bankruptcy Court and *In re: Crescent Resources, LLC*, No. 09-11507-CAG, 2012 Bankr. LEXIS 287 (Bankr. W.D. Tex.) from the Western District of Texas Bankruptcy Court. However, neither case interprets a plaintiff's pleading under the UFTA, although the UFTA may be similar to the Bankruptcy Code. Also, neither case involves a motion for judgment on the pleadings. Finally, even if these two cases were relevant, which they are not, MDW has made more factual allegations than those that were

made in either of these two cases.

## SUMMARY AND CONCLUSION

MDW's Complaint of violations of Ohio's Uniform Fraudulent Transfer Act satisfies the applicable pleading standards. Therefore, the Job Family Trust's MJOP (doc. #15) is DENIED.

**DONE** and **ORDERED** in Dayton, Ohio this Ninth day of April, 2013.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record