**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | |
|---|---|
| DWS INTERNATIONAL, INC. *d/b/a Marble Dimensions Worldwide, Inc.*, | Civil Action No.: 3:12-cv-00339 |
| Plaintiff, | Judge Thomas M. Rose |
| vs. | |
| GEORGE WILLIAM JOB, TRUSTEE, *et al.*, | |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**

The issues in the above-captioned litigation (the "Litigation") involve confidential financial, product, and customer information, as well as other confidential and proprietary internal business and strategic information. Thus, good cause appearing, it is hereby ORDERED as follows:

1. **Scope of Order.** This Stipulated Protective Order (the "Protective Order") governs the use and handling of documents, electronic information in any form (including embedded data and metadata), testimony, interrogatory responses, and other information, including all copies, excerpts, and summaries thereof (collectively, the "Material") produced or given by any defendant, plaintiff, or other individual or entity in pre-trial proceedings in this Litigation. Material produced in this Litigation shall be used only for the purpose of this Litigation, and not for any other business, competitive, personal, private, public, or other purpose whatsoever.

2. **Designation of CONFIDENTIAL MATERIAL.** The Producing Party may designate as "CONFIDENTIAL" any Material that it produces in this Litigation which the Producing Party reasonably and in good faith believes to contain confidential

information, within the meaning of Fed. R. Civ. P. 26 and/or other applicable law, used by it in, or pertaining to, its business, and that is not generally known, and which the Producing Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence. The designations will be made by an attorney, and will be designated in conformance with Paragraph 9 of this Protective Order.

3. **Designation of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL.** The Producing Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" any CONFIDENTIAL MATERIAL that the Producing Party reasonably and in good faith believes to contain highly sensitive and non-public financial or other business information, including, but not limited to, information subject to any confidentiality agreement or applicable privacy law. The designations will be made by an attorney, and will be designated in conformance with Paragraph 9 of this Protective Order.

4. **Persons Who May Access CONFIDENTIAL MATERIAL.** Except as provided in Paragraph 9, absent written consent from the Producing Party or unless otherwise directed by the Court, CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

> (a) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information;
>
> (b) Representatives of the parties responsible for overseeing, directing, or working with outside counsel in connection with the Litigation, but only for purpose of assisting with the prosecution or defense of

this Litigation or otherwise consulting with outside counsel in connection with the other competitive purposes;

(c) Outside counsel of record for the Parties;

(d) Outside experts or consultants, who are not regular employees of a Party but are retained on behalf of any of the Parties by their outside counsel to assist in the preparation of this Litigation;

(e) Outside photocopying, graphic production services or litigation support services employed by the Parties' counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(f) The Court, court reporters, videographers, stenographers, and court personnel; and

(g) The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons listed in (c) above provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

5. **Persons Who May Access HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL.** Except as provided in Paragraph 9, absent written consent from the Producing Party or unless otherwise directed by the Court, HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL may be disclosed only to the following persons:

(a) Outside counsel of record for the Parties;

    (b)    Outside experts or consultants, who are not regular employees of a Party but are retained on behalf of any of the Parties by their outside counsel to assist in the preparation of this Litigation;

    (c)    Outside photocopying, graphic production services or litigation support services employed by the Parties' outside counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

    (d)    The Court, court reporters, videographers, stenographers, and court personnel; and

    (e)    The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons listed in (a) above provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

6.    **Application of this Protective Order to Persons with Access to CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL.**  Each person given access to CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL shall be advised that the CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

    (a)    Before any person described above in Paragraphs 4(d) or 5(b) is given access to CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL, such person must read and agree in writing, by signing an

        acknowledgment in the form attached hereto as Exhibit A, to be bound by the provisions of this Protective Order.

(b)     Before any other person described in Paragraphs 4 or 5 is shown any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL, that person must be instructed that he or she is bound by the provisions of this Protective Order.

(c)     In the event that a person, other than the Producing Party, to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY MATERIAL has been disclosed receives a discovery request, subpoena, order, or other form of compulsory process ("Third Party Request") requiring that it (the "Subpoenaed Party") produce information, documents, things, or other materials that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY MATERIAL, the Subpoenaed Party will not produce such materials without first giving prompt written notice (including a copy of the Third Party Request) to the attorneys of record for the Producing Party, no more than three (3) business days after receiving the Third Party Request.  The Subpoenaed Party must also promptly inform in writing the party who caused the Third Party Request to issue that some or all of the materials covered by the Third Party Request are subject to this Protective Order.  The Subpoenaed Party must deliver a copy of this Protective Order promptly to the party in the

other action that caused the Third Party Request to issue. If the Producing Party elects to seek protection in court of its CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY MATERIAL, it shall bear the burden and expense involved therewith. Nothing in this Protective Order should be construed as authorizing or encouraging a Subpoenaed Party to disobey a lawful directive of another court.

7. **Filing Documents Containing Confidential or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL.** In the event a party wishes to use any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL, or any papers containing or making reference to the contents of such material or information, in any pleading or document filed with the Court in this Litigation, such pleading or document and CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL shall, upon order of the Court, be filed under seal. The sealed material, information or papers shall plainly state on the first page of any bound or stapled document "CONFIDENTIAL - FILED UNDER SEAL" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this action, and a statement substantially in the following form:

### **CONFIDENTIAL**

This envelope contains documents that are subject to a Protective Order entered by the Court in this action. This envelope shall neither be opened nor the contents revealed except by Order of the Court.

Alternatively, the Parties may follow other procedures set out by the Court for the filing of documents under seal.

8. **Production of Documents and Other Material Containing Confidential or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL.** The designation of CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL for the purposes of this Protective Order shall be made in the following manner:

    (a) In the case of documents and written discovery responses, by affixing the legend "CONFIDENTIAL" to each page containing any CONFIDENTIAL MATERIAL and "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" to each page containing any HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY.

    (b) In the case of electronically stored information in any form (including embedded data and metadata) (collectively, "Electronic Data"), by designating the Electronic Data as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY in a cover letter accompanying the production of the Electronic Data. Where feasible, counsel for the Producing Party will also mark the disk, tape, or other electronic media on which the Electronic Data is produced with the appropriate designation. If a Party reduced CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Electronic Data to hardcopy form, it shall mark the hardcopy with the appropriate designation. Whenever any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Electronic Data is copied, all copies shall be marked with the appropriate designation.

(c) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice of the specific pages and lines of the transcript(s) or exhibit(s) which are intended to be CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY sent to all counsel of record for the Parties and the court reporter within twenty business days after receipt of the transcript of the deposition. All transcripts shall be considered Confidential and subject to this Protective Order until expiration of that twenty day period. All videotapes, DVDs or other media containing video of depositions shall be clearly labeled CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY, as appropriate pursuant to this Protective Order. Upon receipt of a notice designating specific pages or lines of testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY, each Party shall then attach a copy of that notice to the face of the transcript and of each copy in its possession, custody, or control.

(d) The inadvertent failure to stamp a document as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY shall not be deemed a waiver of a claim of confidentiality. The Producing Party shall give written notice to the Party receiving the CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL promptly after the omission is discovered, and the

receiving Party shall then treat those materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY MATERIAL in accordance with this Protective Order.  The receiving Party may not be subject to sanctions based upon its use of such information before being notified that it is CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY.

9. **Use of Confidential or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL at Depositions.**   Nothing in this Protective Order shall prevent any counsel of record from utilizing CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto.  In addition:

(a) Parties and present employees of the parties, or employees of third parties, may be examined as witnesses at depositions and trial and may testify concerning all CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL produced or designated by that party, or by the employee's employer if a third party;

(b) Former employees of the parties, or former employees of third parties, may be examined and may testify concerning all CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL produced or designated by the party or third party that formerly employed such person and

which pertains to the period or periods of his/her employment and prior thereto; and

10. **Use of Confidential or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL at Trial or Hearing.** Nothing in this Protective Order shall preclude any party from introducing CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL into evidence at any evidentiary hearing or at trial.  However, if anyone intends to introduce or refer to CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL at any hearing or trial, the Party wishing to make the disclosure shall first notify the Producing Party and provide that Party with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (e.g., clearing the Courtroom, sealing the record, etc.).

11. **Previously Obtained Material.** Within thirty (30) days after the entry of this Protective Order, a Party may designate materials, including portions of deposition transcripts, already furnished to be protected by this Protective Order, and each Party in possession of such materials shall have the responsibility of marking each page and certifying such marking to the Producing Party.  Except as addressed in the foregoing sentence, nothing in this Protective Order shall preclude any Party to this Protective Order or its attorney from showing a document designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY to an individual who prepared, authored, received, or reviewed the material prior to the filing of this Litigation.

12. **No Waiver of Privilege.** If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other ground for withholding production to which any Producing Party would otherwise be entitled.  Any inadvertently produced privileged materials shall be returned promptly to the Producing Party upon request and all copies destroyed.

13. **Removal of Confidential or Highly Confidential Designation.** Any Party may object to the designation of any Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY by giving written notice to the Producing Party that it objects to the designation.  Such notice shall specifically identify the Material at issue by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, and state the reasons for questioning the confidentiality designation.  The Objecting and Producing Party shall confer in good faith to resolve any such dispute.  If the Parties are unable to resolve the dispute, the Objecting Party may apply to the Court for a ruling that the Material is not appropriately designated, giving notice to the Producing Party. If such a motion is made, the Producing Party will have the burden to establish that the designation is proper. Until the Court rules on the motion, the documents shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY, as originally designated.

14. **Modification of the Protective Order.** This Protective Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing to modifications of this Protective Order by stipulation of the Parties.

15. **Court Retains Jurisdiction.** This Protective Order shall survive the termination of this Litigation. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Protective Order following the final resolution of this Litigation.

16. **Return or Destruction of Confidential and HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL.** Within sixty days of the termination of this Litigation, including all appeals, all CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL supplied by any Producing Party, and any copies thereof, shall be returned to the Producing Party or shall be destroyed and their destruction certified.

17. **Parties May Use Their Own CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Documents.** Nothing in this Order shall affect a Party's use or disclosure of its own documents in any way.

18. **No Waiver of Rights.** This Protective Order shall not affect or impair the right of any person or party to assert any applicable privilege to the discovery or use of any information sought in this Litigation, or to contest the relevancy, admissibility, or discoverability of the confidential materials sought.

19. **Additional Parties**. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential or Highly Confidential – Attorneys Eyes Only materials until the newly-joined Party or its counsel has executed and filed with the Court this Protective Order.

IT IS SO ORDERED.

Date: July 15, 2013					*s/ Thomas M. Rose*
							UNITED STATES DISTRICT JUDGE

Stipulated and agreed by:

Dated: July 12, 2013				Dated: July 12, 2013

*/s/ Peter J. Georgiton*				*/s/ Toby K. Henderson* (by PJG with
Peter J. Georgiton (0075109)			authority granted by e-mail on 7-12-13)
Dinsmore & Shohl LLP				Toby K. Henderson (0071378)
255 E. Fifth Street, Suite 1900			Erin Moosbrugger (0086497)
Cincinnati, OH 45202				Sebaly Shillito + Dyer
Telephone: (513) 977-8200			1900 Kettering Tower
Facsimile:   (513) 977-8141			40 North Main Street
Email: peter.georgiton@dinsmore.com		Dayton, OH 45423-1013
						Telephone: (937) 222-2500
**Counsel for Defendants**			Facsimile:   (937) 222-6554
**George William Job, Trustee, et al.**		Email: thenderson@ssdlaw.com
						         emoosbrugger@ssdlaw.com

						**Counsel for Plaintiff**
						**DWS International, Inc. d/b/a**
						**Marble Dimensions Worldwide, Inc.**

13